**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 18-24302-CIV-COOKE/GOODMAN**

CAMILLA D. WILLIAMS,

     Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

     Defendant.

_____/

**REPORT AND RECOMMENDATIONS**
**ON PLANTIFF'S PETITION FOR ATTORNEY'S FEES**

Plaintiff Camilla Williams filed a Petition for Attorney's Fees, which was referred to the Undersigned by United States District Court Judge Marcia G. Cooke. [ECF Nos. 23; 24]. Plaintiff seeks $6,564.80 in attorney's fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [ECF No. 23]. The Government does not oppose the motion. *Id.* at p. 5.

Upon review of the petition and the record, the Undersigned finds that the requested fees are reasonable. Accordingly, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's petition and award Plaintiff **$6,564.80** in attorney's fees (made payable directly to Plaintiff's counsel), contingent upon a determination by

the Government that Plaintiff owes no qualifying, preexisting debt(s) to the Government, for which sum let execution issue.

## I.      BACKGROUND

Plaintiff filed this action seeking to reverse the final decision of the Commissioner, who denied Plaintiff's claim for social security disability benefits. [ECF No. 1]. The District Court granted summary judgment for the Plaintiff, reversed the Commissioner's determination, and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). [ECF No. 22]. Plaintiff then filed the instant petition for attorney's fees under the EAJA. [ECF No. 23].

## II.     DISCUSSION

### A.  Entitlement to Attorney's Fees

A prevailing party is not ordinarily entitled to recover attorney's fees from his or her opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, the EAJA explicitly provides that "a court shall award to a *prevailing party* other than the United States fees and other expenses, in addition to any costs [.]" 42 U.S.C. § 2412(d)(1)(A) (emphasis added).

The EAJA empowers the Court to grant "reasonable fees and expenses of attorneys." *McCullough v. Astrue*, No. 08-61954-CIV, 2009 WL 2461798, at *1 (S.D. Fla. Aug. 10, 2009) (quoting 28 U.S.C. § 2412(b)). The Court may award a prevailing plaintiff attorney's fees and expenses unless the Commissioner can show that her position "was

substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Supreme Court has held that a plaintiff who obtains a sentence four remand is a prevailing party for purposes of a fee award. *Shalala v. Schaefer*, 509 U.S. 292, 301, 113 S. Ct. 2625, 2631 (1993) (determining that remand under sentence four of 42 U.S.C. § 405(g) "terminates the litigation with a victory for the plaintiff"); *Boronat v. Sullivan*, 788 F. Supp. 557, 559-60 (S.D. Fla. 1992) (finding that remand under sentence four is a final judgment for filing a fee application under EAJA).

Here, because Plaintiff obtained a sentence four remand, Plaintiff is the prevailing party for purposes of the EAJA. Further, Defendant does not dispute Plaintiff's entitlement to attorney's fees under the EAJA. Thus, Plaintiff is entitled to receive attorney's fees under the EAJA.

**B.  Amount of Attorney's Fees**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

1.  *Reasonable Hourly Rate*

The Eleventh Circuit defines a "reasonable hourly rate" as "the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. Of the City of*

*Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*citing Blum v. Stenson*, 465 U.S. 895-96, n.11 (1984)). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1302 (internal citation omitted).

The EAJA provides:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hours unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

42 U.S.C. § 2412 (d)(2)(A); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation").

Here, Plaintiff's attorney, Juliette Sturla, seeks an hourly rate of $205.15 per hour. Plaintiff's counsel points out that the hourly statutory cap of $125.00 should be increased due to the increase in the cost of living which has occurred since the EAJA was reenacted on March 29, 1996. The cost-of-living increase for 2019 is $205.15.[1] And Defendant

---

[1]    The adjusted rates were determined by first calculating the cost-of-living percentage increase by subtracting the March 1996 rate from the Annual Consumer Price Index ("CPI") for 2019 and dividing that number by the March 1996 rate. *See Barbee v. Berryhill*, 339 F. Supp. 3d 1262, 1279 n.4 (N.D. Ala. 2018). The cost-of-living percentage increase was then applied to the $125 statutory rate to calculate the adjusted hourly rate permitted by the EAJA. *Id.*; *see also* U.S. Bureau of Labor Statistics, CPI-All Urban

stipulates that this is a reasonable hourly rate. Thus, the Undersigned finds the hourly rate reasonable.

      2. *Reasonable Hours Expended*

Plaintiff asserts that her attorney expended 32 hours litigating her case on her behalf. Plaintiff's counsel provides a declaration, including her timesheet documenting the time spent litigating this case. Defendant does not dispute that the number of hours is reasonable. The Undersigned finds this amount to be reasonable considering the length of the transcript (916 pages) and issues involved in the memorandum.

## III.   CONCLUSION

The Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion for attorney's fees and award Plaintiff **$6,564.80** in attorney's fees (made payable directly to Plaintiff's counsel), contingent upon a determination by the Government that Plaintiff owes no qualifying, preexisting debt(s) to the Government, for which sum let execution issue.

## IV.   OBJECTIONS

The parties will have two (2) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within two

---

Consumers (Current Series), http://data.bls.gov/cgi-bin/surveymost?bls (last visited October 19, 2020).

(2) days of the objection.[2] Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on October 21, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record

---

[2]      The Undersigned is shortening the objections period because Defendant does not oppose Plaintiff's request for attorney's fees.